UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK VAN JACKSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 15-cv-13792
Hon. Matthew F. Leitman

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #21) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #20), (2) ADOPTING REPORT AND RECOMMENDATION AS THE OPINION OF THE COURT, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #13), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #16)</u>**

In this action, Plaintiff Derek Van Jackson ("Jackson") challenges the denial of his application for supplemental security income ("SSI") benefits. After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation in which he recommends that the Court (1) grant summary judgment in favor of the Defendant, the Commissioner of Social Security (the "Commissioner"), and (2) deny Jackson's motion for summary judgment (the "R&R"). (*See* ECF #20.) Jackson filed a timely objections to the R&R (the "Objections"). (*See* ECF #21.) The Court has conducted a *de novo* review of the portions of the R&R to which Jackson has objected. For the reasons stated

1

below, the Court **OVERRULES** the Objections, **ADOPTS AS THE OPINION OF THE COURT** the well-reasoned R&R, **GRANTS** the Commissioner's motion for summary judgment, and **DENIES** Jackson's motion for summary judgment.

# I

## A[1]

On June 21, 2012, Jackson filed an application for SSI benefits (the "Application"). (*See* Admin. R., ECF #11-6 at 9-14, Pg. ID 345-50.)  In the Application, Jackson alleged he became disabled on June 1, 2003. (*See id.*)  Among other things, Jackson insists that he suffers from depression, carpal tunnel syndrome, a degenerative hip condition, and numerous gastrointestinal illnesses that prevent him from working.  The Social Security Administration (the "SSA") denied the Application because it found that Jackson was not disabled. (*See* Admin. R., ECF #11-4 at 7-10, Pg. ID 212-15.)

Jackson requested and received a *de novo* hearing before an administrative law judge (an "ALJ").  ALJ Ben Barnett ("ALJ Barnett") held that hearing on July 3, 2013.  On August 13, 2013, ALJ Barnett issued a written decision affirming the SSA's denial of benefits. (*See* Admin. R., ECF #11-3 at 39-51, Pg. ID 160-72.)  He concluded that Jackson was not disabled and was not entitled to benefits. (*See id.*)

---

[1] The Court recites only the facts relevant to Jackson's Objections.  A full description of the facts is available in the R&R.

Jackson sought review of ALJ Barnett's decision from the SSA's Appeals Council. On March 7, 2015, the Appeals Council vacated ALJ Barnett's decision and remanded Jackson's Application for a second hearing. (*See* Admin R., ECF #11-3 at 62-63, Pg. ID 183-84.) The Appeals Council determined that ALJ Barnett erred when he failed to evaluate the medical opinions of consulting examiner Anthony Gensterblum, Ph.D ("Dr. Gensterblum"). (*See id.*) It ordered an ALJ to offer Jackson a new hearing and to consider the findings of Dr. Gensterblum when reviewing Jackson's request for benefits. (*See id.*)

Jackson's case was reassigned to ALJ Paul Jones ("ALJ Jones"). On June 9, 2015, ALJ Jones held a second hearing on the Application. Following that hearing, ALJ Jones issued a written decision in which he determined that Jackson was not disabled and was not entitled to benefits. (*See* Admin R., ECF #11-3 at 68-78, Pg. ID 189-99.) As the Appeals Council required, ALJ Jones reviewed and considered Dr. Gensterblum's medical opinions in his decision. ALJ Jones concluded that those opinions were entitled to "little weight" because they were based largely on Jackson's own "subjective complaints" (which ALJ Jones found not credible) and the representations of Jackson's girlfriend (whom ALJ Jones concluded was not an impartial observer). (ECF #11-3 at 75, Pg. ID 196.) ALJ Jones also noted that "Dr. Gensterblum saw [Jackson] only once and [did] not have a treating relationship with

[Jackson]." (*Id.*) The Appeals Council thereafter declined to review ALJ Jones' decision. (*See* Admin R., ECF #11-2 at 2-4, Pg. ID 32-34.)

**B**

On February 9, 2016, Jackson filed this action challenging the SSA's denial of benefits. (*See* Compl., ECF #1.) Jackson and the Commissioner then filed cross-motions for summary judgment. (*See* Jackson's Mot. Summ. J., ECF #13; Commissioner's Mot. Summ. J., ECF #16.) The Court referred the cross-motions to the assigned Magistrate Judge. In his motion for summary judgment, Jackson alleged that ALJ Jones erred in three ways. (*See* Jackson Mot. at 10, ECF #13 at Pg. ID 1071.) First, Jackson argued that ALJ Jones did not afford proper weight to either the medical opinions of Dr. Gensterblum or to Jackson's treating physician Dr. Larry Farr ("Farr"). (*See id.* at 15-20, ECF #13 at Pg. ID 1077-81.) More specifically, Jackson insisted that ALJ Jones did not follow the requirements of the Appeals Council to fully consider Dr. Gensterblum's opinion and did not provide sufficient reasons for affording "little weight" to Dr. Farr's opinion, an opinion ALJ Jones found "ambiguous." (*Id.*) Second, Jackson claimed that ALJ Jones did not consider the effect of all of Jackson's symptoms when assessing Jackson's ability to work. (*See id.* at 20-21, ECF #13 at Pg. ID 1081-82.) Finally, Jackson argued that ALJ Jones' conclusion that Jackson was not credible was not supported by evidence in the record. (*See id.* at 22, ECF #13 at Pg. ID 1083.)

4

On February 15, 2017, the Magistrate Judge issued the R&R in which he recommends that the Court grant the Commissioner's motion and deny Jackson's motion. (*See* R&R, ECF #20) In arriving at his recommendation, the Magistrate Judge carefully analyzed the three arguments that Jackson made in his motion for summary judgment, but he was not persuaded by any of them. (*See id.*)

On February 28, 2017, Jackson filed the Objections. (*See* ECF #17.) The Objections raise the same three arguments described above that Jackson made in his summary judgment motion. (*See id.*)

II

A

Where a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

B

In reviewing the disputed findings of an ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

5

evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

## III

As noted above, Jackson has raised three objections to the R&R. The Court considers, and ultimately rejects, each argument below.

### A

Jackson first objects to the limited weight ALJ Jones provided the medical opinions of Dr. Gensterblum and Dr. Farr.[2] (*See* Objections, ECF #21 at 3-7, Pg. ID 1167-71.) With respect to Dr. Gensterblum, Jackson argues that ALJ Jones did not

---

[2] In the middle of his discussion of Dr. Gensterblum's opinion, Jackson raises a separate objection – that "substantial evidence did not support the ALJ's determination that [Jackson] could conduct work activities on a sustained basis." (Objections, ECF #21 at 5, Pg. ID 1169.) The Court addresses this separate argument in sub-paragraph III(C) below.

6

"fully analyze" Dr. Gensterblum's opinion on remand as the Appeals Council required and that ALJ Jones wrongly "swept aside" the observations Jackson's girlfriend reported to Dr. Gensterblum. (*Id.* at 4, Pg. ID 1168.) As to Dr. Farr, Jackson insists that ALJ Jones "entirely disregarded" Dr. Farr's opinions without providing sufficient reasons for doing so, leaving the court "without a basis upon which to judge the thoroughness of the ALJ's analysis." (*Id.* at 6-7, Pg. ID 1170-71.)

This objection is overruled. First, the objection largely restates the arguments Jackson made in his motion for summary judgment and does not specifically identify any errors *by the Magistrate Judge* as opposed to errors ALJ Jones made in the first instance. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to discern those issues that are dispositive and contentious").[3]

---

[3] *See also Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009) ("A general objection to the entirety of the magistrate's report has the same effects as would failure to object. The district court's attention is not focused on any specific

Second, the Magistrate Judge considered and rejected nearly all of the arguments Jackson raises in this objection, and Jackson has not offered any reason to reject the Magistrate Judge's conclusions. For example, while Jackson objects that ALJ Jones insufficiently analyzed Dr. Gensterblum's medical opinion in only a single paragraph (*see* Objections, ECF #21 at 4, Pg. ID 1168), the Magistrate Judge explained in the R&R how ALJ Jones repeatedly discussed Dr. Gensterblum's opinion throughout his decision and how he provided good reasons for discounting that opinion. (*See* R&R at 18-21, Pg. ID 1142-45.) Jackson does not explain in any way how the Magistrate Judge's careful analysis is faulty. Moreover, ALJ Jones explained in detail why the observations Jackson's girlfriend, and her reports to Dr. Gensterblum, were not entitled to much weight. (See Admin R., ECF #11-3 at 75, Pg. ID 196 (noting that while the observations and opinions of Jackson's girlfriend were "largely supportive of his allegations … by virtue of [her] relationship with [Jackson], [she] cannot be considered a disinterested third party witness whose statements would not tend to be colored by affection for [Jackson] and a natural tendency to agree with the symptoms and limitations [he] alleges").)

---

issues for review, thereby making the initial reference to the magistrate useless. [….] The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act").

Likewise, Jackson insists in this objection that ALJ Jones erred by not fully articulating his reasons for affording "little weight" to the medical opinion of Dr. Farr. But Jackson does not raise any specific objection to the *Magistrate Judge's* analysis of this issue or explain in any way how the Magistrate Judge erred. Jackson's general objection to *ALJ Jones*' use and analysis of Dr. Farr's opinion fails to provide a basis to disturb the Magistrate Judge's R&R. Moreover, the Court agrees with the Magistrate Judge that Dr. Farr's opinion is so ambiguous that it adds essentially nothing to the analysis of whether Jackson is disabled. (*See* R&R at 30, Pg. ID 1154.) Indeed, as the Magistrate Judge aptly points out, Dr. Farr's report was replete with "equivocal expressions." (*Id.*) For example, Dr. Farr reported that he was "unable" to answer how many hours Jackson could sit or walk on a typical day. (Admin R., ECF #11-11 at 12, Pg. ID 751.) Likewise, when asked "[t]o what degree can [Jackson] tolerate work stress" Dr. Farr responded "I do not know!" (*Id.* at 16, Pg. ID 756.) Finally, when asked, "on average, how often would [Jackson] be likely to be absent from work as a result of [his] impairments or treatment?" Dr. Farr answered "Who knows?" (*Id.*) Jackson has not provided any basis to reject the Magistrate Judge's conclusion that ALJ Jones "was permitted to take into account the strikingly ambivalent nature of Dr. Farr's report." (R&R at 30, Pg. ID 1154.)

Finally, Jackson argues to the extent Dr. Farr's opinion was "ambiguous," ALJ Jones breached his "affirmative duty [under Social Security regulation 96-5p

9

("SSR 96-5p")] to contact the doctor and see if the ambiguity could be clarified." (Objections, ECF #21 at 7, Pg. ID 1171.) This argument fails for two reasons.

First, this argument was not first presented to the Magistrate Judge. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Here, Jackson did not argue to the Magistrate Judge that ALJ Jones had a duty to contact Dr. Farr under SSR 96-5p to get further clarification as to his medical opinions. Thus, Jackson has waived this argument. *See Murr*, 200 F.3d at 902 n.1 ("Petitioner's failure to raise this claim before the magistrate constitutes waiver").

Moreover, and in any event, even if ALJ's once had a duty to contact treating sources to clarify ambiguous medical opinions, the decision whether to seek clarification is now discretionary. *See*, *e.g.*, *Hall v. Comm'r of Soc. Sec.*, 2016 WL 3869936, *9 (E.D. Mich. June 3, 2016) ("New regulations became effective on March 26, 2012, rendering the decision to recontact discretionary"); *Glover v. Comm'r of Soc. Sec.*, 2016 WL 7638142, at *8 (N.D. Ohio. Dec. 22, 2016) (same; collecting cases recognizing same); *Moss v. Colvin*, 171 F.Supp.3d 1249, 1256 (N.D. Ala. 2016) ("SSR 96–5p has been superseded ... and the decision to recontact a physician is now within the ALJ's discretion"). Thus the provision Jackson relies on

10

is no longer operative law and provides no basis to reject the Magistrate Judge's recommended disposition of this case.

### B

In his second objection, Jackson argues that the Magistrate Judge was "not familiar with the testimony or exhibits" in his administrative proceedings before ALJ Jones. (*See* Objections, ECF #21 at 7-8, Pg. ID 1171-72.) This objection is overruled because the Magistrate Judge's detailed and well-reasoned R&R makes abundantly clear that he was familiar with the facts of Jackson's underlying proceedings.

In this objection, Jackson unfairly "nitpicks" one minor aspect of the R&R. Jackson argues that the Magistrate Judge "seem[ed] to think [Jackson was] making an argument over the ALJ failing to include the fact of a claimant needing to use a cane which was not included in the [residual functional capacity] presented to the [vocational expert]. The cane argument is a quote from another case, Ronald Miller v. Commissioner of Social Security." (Objections, ECF #21 at 8, Pg. ID 1172.) The Court has reviewed Jackson's summary judgment motion, and it is not at all clear whether Jackson was making an argument regarding the use of a cane. On page 21 of that motion, Jackson wrote that "[i]n this case, the use of a cane was not factored into the [residual functional capacity] or the hypothetical question to the [vocational expert]." (Jackson Mot. at 21, ECF #13 at Pg. ID 1082.) Jackson now insists that "this case" was the *Ronald Miller* case. But Jackson's citation to the *Ronald Miller*

11

case did not use the proper form, and it is at best ambiguous whether Jackson was referring to *Ronald Miller* or referring to his own case. In any event, the Magistrate Judge's analysis of the "cane" issue was included in a footnote (*see* R&R at 33-34 n.16, Pg. ID 1157-58), and, even if misplaced, it in no way undercuts the soundness of the Magistrate Judge's ultimate conclusion that Jackson was able to perform some work.

Jackson also includes in this same objection the unrelated argument that the ALJ "did not credit the doctor's opinions as required by the regulations and did not treat the consistently low GAF scores[4] with sufficient respect." (Objections, ECF #21 at 8, Pg. ID 1172.) Jackson further insists that his case is analogous to the Sixth Circuit Court of Appeals' decision in *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825 (6th Cir. 2016), in which the Sixth Circuit determined that an ALJ's findings were contradicted by the medical evidence in the record and in which the court criticized the ALJ for his "focus on isolated, often stale, portions of the record." *Id.* at 838. However, as with his objections related to Dr. Gensterblum and Dr. Farr, this objection does not specifically identify any error *by the Magistrate Judge*. That omission is fatal to this objection because the Magistrate Judge explained in detail

---

[4] "The GAF score is a subjective determination that represents "the clinician's judgment of the individual's overall level of functioning [….] It ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death)." (R&R at 5-6 n.6, Pg. ID 1129-30.)

why "the fact that Dr. Gensterblum assigned [Jackson] a relatively low GAF of 39 does not mean that [Jackson] was entitled to benefits or that the ALJ was required to adopt wholesale Dr. Gensterblum's conclusions." (R&R at 24-26, Pg. ID 1148-50.) The Court finds that explanation to be persuasive. Nor has Jackson articulated how his case is analogous to *Miller* aside from repeating his argument that, like in *Miller*, ALJ Jones failed to properly account for Jackson's low GAF score (an argument the Magistrate Judge considered and rejected in the R&R). This objection therefore fails.

## C

Jackson's third and final objection is that ALJ Jones erred when he found Jackson's statements about the intensity, persistence, and limiting effects of his alleged symptoms not credible. (*See* Objections, ECF #21 at 8-9, Pg. ID 1172-73.) This objection does not mention the Magistrate Judge at all and identifies no flaws with the R&R's reasoning or conclusion. It therefore fails to state a proper objection and fails for that reason. *See Aldrich*, *Miller*, *Zimmerman, supra*. In fact, the Magistrate Judge fully considered and analyzed Jackson's argument with respect to ALJ Jones' credibility determination and concluded that "the ALJ permissibly addressed the record as a whole and explained adequately his reasons for assessing [Jackson's] credibility." (R&R at 34-38, Pg. ID 1158-62.) Jackson has not convinced the Court that it should disturb this recommendation.

Furthermore, this objection is based largely on Dr. Gensterblum's findings which, Jackson insists, corroborate his claimed physical limitations. (*See* Objections, ECF #21 at 8-9, Pg. ID 1172-73.)  But, for the reasons explained above, ALJ Jones adequately explained in his decision why he discounted the opinion of Dr. Gensterblum, and Jackson has not persuaded the Court that ALJ Jones committed reversible error in doing so.

Finally, Jackson argues that ALJ Jones "did not sufficiently establish that the claimant's social activities, as drawn from isolated portions of the record, allowed him to function independently on a sustained basis and thus perform full time consistent work." (Objections, ECF #21 at 5, Pg. ID 1169.)  The Court disagrees. "The ALJ is not required to accept the testimony of a claimant if it conflicts with medical reports, the claimant's prior statements, the claimant's daily activities, and other evidence in the record." *Biermaker v. Comm'r of Soc. Sec.*, 2016 WL 7985329, at *8 (E.D. Mich. June 13, 2016).  Here, ALJ Jones thoroughly reviewed Jackson's medical record and identified many different pieces of evidence that supported his conclusion that Jackson's subjective complaints and insistence that he was unable to work were not credible.

For example, ALJ Jones pointed out that during a December 2012 examination, Jackson "had a normal gait" and "intact grip strength." (Admin R., ECF #11-3 at 76, Pg. ID 197.)  And during a March 2013 examination, Dr. Farr

reported that Jackson's "pain was controlled with medication." (*Id.*)  Then, February 2015, Jackson suffered minor injuries when he fell out of a moving truck while helping the mother of his daughter move. (*See id.* at 74, Pg. ID 195.)  When Jackson was discharged from the hospital following that incident, he "declined" to use a wheelchair and "ambulated with a steady gait." (*Id.* at 76, Pg. ID 197.)  Given Jackson's conduct of climbing into a moving truck and helping someone move, it was not unreasonable for ALJ Jones to reject as not credible Jackson's testimony that he was "disabled or in debilitating pain." (*Id.*)  Lastly, ALJ Jones took into consideration that Jackson lied about previously using cocaine. (*See id.* at 75, Pg. ID 196.)  Jackson insists that "[w]hether or not he used cocaine some 20 years before the hearing is inconsequential." (Objections, ECF #21 at 9, Pg. ID 1173.)  But the fact that Jackson testified before ALJ Jones that he never used cocaine, when he previously told Dr. Gensterblum that he had a history of cocaine use (*see* Admin R., ECF #11-9 at 8, Pg. ID 628), *is* relevant to Jackson's overall credibility.  Jackson has not persuaded the Court that the Magistrate Judge erred when he recommended rejecting Jackson's credibility argument.

## IV

For the reasons stated above, the Court is not persuaded by any of Jackson's three bases in the Objections.  Accordingly, **IT IS HEREBY ORDERED** that

- Jackson's Objections (ECF #21) to the R&R is **OVERRULED**;

15

- The Magistrate Judge's R&R (ECF #20) is **ADOPTED AS THE OPINION OF THE COURT**;

- Jackson's Motion for Summary Judgment (ECF #13) is **DENIED**; and

- The Commissioner's Motion for Summary Judgment (ECF #16) is **GRANTED**.

                                        s/Matthew F. Leitman  
                                        MATTHEW F. LEITMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated: March 22, 2017

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 22, 2017, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda  
                                        Case Manager  
                                        (313) 234-5113